IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JIMMY DEAN CARPENTER**                                                                                              **PLAINTIFF**

v.                                                                                                            No. 1:18CV146-RP

**ITAWAMBA CO. JAIL**
**ITAWAMBA CO. SHERIFF DEPT.**
**VICKY RUSSELL (JAIL ADMINISTRATOR)**
**DWIGHT HILL (JAILER)**
**SHERIFF CHRIS DICKERSON**
**DR. ARRIOLA**
**TYLER GORDON**
**STEVEN GRAY**
**LARRY JOHNSON**
                                                                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jimmy Dean Carpenter, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants: (1) used excessive force against him, (2) denied him adequate medical treatment, (3) violated his right to the free exercise of religion, (4) tampered with his mail, (5) denied him access to the courts, and (6) retaliated against him for complaining about prison conditions, contacting an attorney to pursue such claims, and filing suit. The plaintiff having consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned has authority to enter this opinion and the accompanying judgment. For the reasons set forth below, the plaintiff's

claims regarding the free exercise of religion will be dismissed, and the other claims will proceed. In addition, defendants Itawamba Count Jail and the Itawamba County Sheriff's Department will be dismissed, as they are not proper defendants in a case proceeding under 42 U.S.C. § 1983.

**Factual Allegations**

In mid-2015, Jimmy Dean Carpenter was released from prison, having completed a 20-year sentence. He was homeless for about a week, then met an Itawamba County woman, who was ill and elderly; she required daily care. Mr. Carpenter agreed to provide her daily care. About seven days later, the woman drafted a will, leaving all of her real property and belongings to Mr. Carpenter. On August 27, 2015, Mr. Carpenter was charged with stabbing the woman to death. During his arrest, he was handcuffed, then held face-down on the ground at gunpoint. The defendants tasered him repeatedly as he lay on the ground, though he did not resist. The officers let a K-9 unit dog attack Carpenter, who suffered wounds "all over." One of the officers pulled down Carpenter's boot so the dog could inflict more damage to his foot and ankle. Carpenter states that his criminal lawyer, Chris Bauer, has 50 color photographs of the wounds. Carpenter presented several such photographs at the *Spears* hearing as exhibits to his complaint. Officers Tyler Gordon, Larry Johnson, and Steven Gray beat him and did not take him to the doctor afterwards. Most of Carpenter's injuries occurred before he was cuffed, but while he was face-down on the ground with his hands behind his back. Once at the jail, the defendants placed Mr. Carpenter in a "strap-down chair" for four days.

Mr. Carpenter finally saw a doctor on December 9, 2015. He suffers pain and numbness in his right leg (from the ankle up) from the dog bite. He also suffers numbness in his left arm, where he was repeatedly tasered. He was treated with steroids for the numbness about a year after the incident.

Mr. Carpenter also suffers from high blood pressure. When he visited Dr. Arriolo in Fulton, Mississippi, on December 9, 2015, his blood pressure was 200/180 (extremely high). The doctor sent

him back to the jail without treating the high blood pressure or prescribing any medication for it. The doctor altogether stopped treating inmates at the jail a month later. The next day, December 10, 2015, Jailer Josh Hill found Carpenter unconscious in his cell. He was transported to Amory, Mississippi, where his blood pressure again measured 200/180. Injections and pills brought his blood pressure down to about 150/130. Mr. Carpenter states that the December 9, 2015, visit was the first medical treatment he received while housed at the jail. He alleges that his injuries bled for 3½ months – until treated on December 9.

A month later, he was examined by Dr. Tim Evans in Fulton, Mississippi, who told him that the damage he had suffered from his wounds was permanent. He suffers from headaches, ringing in his ears, and lack of sleep from the high blood pressure, and he now takes four blood pressure medications, though he used to take only one. He suffers from pain and numbness in his left leg, and the defendants provided him with pain medication for it after 1½ years. Mr. Carpenter was diagnosed with Hepatitis C about five years ago, and he has taken medication for it in the past. The doctors at the time told him that if he did not take medication for the disease that he would be dead in five years. He received no medication for Hepatitis C until October 10, 2016, when Dr. Tim Evans prescribed krill oil pills. Mr. Carpenter does not believe that krill oil pills are a valid treatment for Hepatitis C.

On January 16, 2016, Sheriff Chris Dickerson threatened to kill Carpenter if he wrote another civil lawyer, stating that, if he filed a lawsuit, "I'll take my gun and blow your head off." Dickerson then intercepted a letter from Carpenter to Tupelo attorney Jim Waide, who never received the letter. Mr. Carpenter was placed in lockdown for about 23 months. Jail personnel continued to intercept Carpenter's outgoing mail and some incoming mail. According to Mr. Carpenter, jail personnel began conducting strip-searched on inmates being *released* from jail – to intercept any of Carpenter's

outgoing mail.  Carpenter had tried repeatedly to have other inmates, who were leaving the jail, to take his mail to a lawyer.

The defendants would not permit Mr. Carpenter to see a preacher for two years.  On many occasions, the defendants prevented him from attending Christian church services, and they prevented the local preacher from visiting him.  Mr. Carpenter testified that he is not a Christian.

Vicky Russell sprayed Carpenter in the face with mace for no reason, causing the skin on his face to peel for 14 days.  The defendants refused to provide medical care for this.  Jailors Scott Diaz and Cole Carter took four photos of his face after the incident.  Ms. Russell told Carpenter's attorney that she sprayed him because it looked as if he would hurt himself if she didn't.  Mr. Carpenter denies this.

Vicky Russell opens Carpenter's legal mail outside his presence.  Often his mail does not reach its destination, and two jailors (Amy Lewis and Amanda Hamm) told Carpenter that they had seen Russell throw his and other inmates' mail in the trash.

According to Mr. Carpenter:  "On a living will and testament Ms. Sharon Johnson was murdered left me Jimmy Carpenter the land house and everything on the property and all in the house …."  Mr. Carpenter was sued by a relative of Ms. Johnson, arguing that, if he murdered her, then he should not inherit any of her property.  Several of Ms. Johnson's relatives have since taken over the property and removed all the items from the house.

Mr. Carpenter has not had a court date to face the murder charge.  He alleges that the only evidence against him is lies and hearsay.  He blames the Sheriff for permitting others to remove items from the house and yard he believes he has rightly inherited.

**Jails, Prisons, and Sheriff's Departments Not Amenable to Suit**

An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) Likewise, a municipal police department does not constitute a political subdivision of the city in which it is situated. *City of Jackson v. Harris*, 44 So.3d 927, 928 (Miss. 2010) (police department merely part of city). For these reasons, defendants Itawamba County Jail and the Itawamba County Sheriff's Department must be dismissed from this suit.

**Free Exercise of Religion**

Mr. Carpenter's claim regarding the free exercise of religion must be dismissed, as he testified at his *Spears* hearing that he is not a Christian. As such, restricting his access to a Christian pastor did not interfere with the free exercise of his religious beliefs. The First Amendment provides that "Congress shall make no law … prohibiting the free exercise" of religion." U.S. Const., Amend. I. Though government may sometimes restrict the free exercise of religion, the Supreme Court has interpreted the clause to mean that the government is prohibited from interfering with or attempting to regulate any citizen's religious beliefs, from coercing a citizen to affirm beliefs abhorrent to his religion or conscience, and from directly penalizing or discriminating against a citizen for holding beliefs contrary to those held by someone else. *School Dist. Of Abington Tp., Pa. v. Schempp,* 374 U.S. 203 (1963). The Free Exercise Clause only protects beliefs based on religion, as the clause, on its face, gives special protection to the exercise of religion. Mr. Carpenter, who is not a

Christian, has alleged that the defendants denied him access to a Christian pastor. Thus, he has not alleged that the defendants restricted the free exercise of his religion. This allegation must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, defendants Itawamba County Jail and the Itawamba County Sheriff's Department will be dismissed with prejudice from this suit. The plaintiff's claims against the remaining defendants – Jail Administrator Vicky Russell, Jailer Dwight Hill, Sheriff Chris Dickerson, Dr. Arriola, Tyler Gordon, Steven Gray, and Larry Johnson – will proceed. In addition, the plaintiff's allegations regarding the free exercise of religion will be dismissed with prejudice for failure to state a claim upon which relief could be granted. His claims for excessive force, denial of medical care, mail tampering, denial of access to the courts, and retaliation will proceed.

**SO ORDERED**, this, the 16th day of November, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE