# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JIMMY DEAN CARPENTER**                                                                                  **PLAINTIFF**

**v.**                                                                    **No. 1:18CV146-RP**

**ITAWAMBA CO. JAIL, ET AL.**                                                      **DEFENDANTS**

## ORDER GRANTING DEFENDANTS' MOTION [31]
## TO STAY CASE PENDING THE OUTCOME OF
## THE PLAINTIFF'S CRIMINAL TRIAL

This matter comes before the court on the motion [31] by the defendants to stay this case until the court in plaintiff's criminal trial enters judgment. The defendants have represented to the court that trial in the criminal case is tentatively set for September 2019. The plaintiff's claims in the present case arise out of his arrest and detention on the charge of murder. Mr. Carpenter claims that the defendants: (1) used excessive force against him, (2) denied him adequate medical treatment afterwards, (3) tampered with his mail, (4) denied him access to the courts, and (5) retaliated against him for complaining about prison conditions.

Thus, the outcome of Mr. Carpenter's criminal trial and ancillary proceedings could powerfully affect his claims in the present case. In addition, as the plaintiff in this case is the defendant in an ongoing criminal investigation and prosecution, his statements and submissions to the court under oath could well undermine his defense.

Courts in the Fifth Circuit routinely stay civil cases for these reasons:

> As in the present case, when it is premature to determine whether a plaintiffs' civil damages claims may be barred under *Heck,* courts should stay the proceedings. *Quin,* 2010 WL 412901 at *2 citing *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir.1995) (in such cases, the court "may-*indeed should*-stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")

*Pellerin v. Neustrom*, No. CIV.A. 6:11-0776, 2011 WL 6749019, at *3 (W.D. La. Dec. 22, 2011). In addition:

> [F]orcing [a plaintiff] to submit to discovery requests during the pendency of the criminal investigation and trial" create[s] the potential for violations of [the plaintiff's] Fifth Amendment right 'not to answer official questions put to him in any [civil] proceeding ... where the answers might incriminate him in future criminal proceedings.

*Cty. of El Paso, Texas v. Jones*, No. EP-09-CV-119-KC, 2013 WL 2404077, at *3 (W.D. Tex. May 31, 2013) (internal citations and quotation marks omitted).

For these reasons, the defendants' motion [31] to stay proceedings until the conclusion of Mr. Carpenter's criminal proceedings will be granted.

In sum:

(1) The defendants' motion [31] to stay proceedings until the conclusion of the plaintiff's criminal proceedings is **GRANTED**;

(2) The defendants shall file a notice on the court's docket every three months informing the court of the status of Mr. Carpenter's criminal proceedings, including the prospective date for trial;

(3) If the plaintiff intends to move forward with this suit after the conclusion of his criminal case, then, within 30 days after the conclusion of those criminal proceedings, he must file a motion with this court to lift the stay;

(4) In light of this ruling, the court's scheduling order is **RESCINDED**;

(5) The court will permit no discovery in this case during the pendency of the stay;

(6) The plaintiff shall file no documents in this case during the pendency of the stay, except those directly related to the stay itself.

**SO ORDERED**, this, the 11th day of February, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE